**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **WEALTH ASSISTANTS LLC** | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **v.** | § | **CIVIL CASE NO.** |
| | § | _____ |
| | § | **JURY DEMANDED** |
| **THREAD BANK,** | § | |
| *Defendant.* | § | |
| | § | |

---

**PLAINTIFF WEALTH ASSISTANTS LLC'S ORIGINAL PETITION**

---

**TO THE HONORABLE COURT:**

   **COMES NOW, PLAINTIFF, WEALTH ASSISTANTS LLC,** in the above-styled matter and files this *Plaintiff Wealth Assistants LLC's Original Petition,* complaining of **DEFENDANT, THREAD BANK,** and for cause of action respectfully shows unto the Court the following:

## I.   PARTIES

1.    Plaintiff Wealth Assistants LLC (**"Plaintiff" or "Wealth Assistants"**) is a limited liability company doing business in Texas.

2.    Defendant Thread Bank (**"Defendant"** or **"Thread Bank"**) is a limited liability company organized and existing under the laws of the State of Tennessee, with its main office in the State of Tennessee. Thread Bank may be served with process through its registered agent, Christopher J. Black, 210 East Main Street, Rogersville, TN 37857.

1

## II.    JURISDICTION AND VENUE

3.    Plaintiff's claims arise under the laws of Texas. This Court has original diversity jurisdiction, pursuant to 28 U.S.C. § 1332, because the action involves a controversy between citizens of different states and the amount in controversy exceeds $75,000.00 USD, exclusive of interest and costs. Complete diversity exists between Plaintiff and Defendant.

4.    This Court has specific personal jurisdiction over Defendant because Defendant has sufficient minimum contacts with Texas, has purposely availed itself of the benefits and protection of Texas law, and does a substantial amount of business in Texas such that the Court's exercise of personal jurisdiction accords with due process.

5.    Venue is proper in this District, pursuant to 28 U.S.C. 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claims in this Complaint occurred in this District and because Defendant is subject to the Court's personal jurisdiction with respect to this action.

## III.    OPERATIVE FACTUAL BACKGROUND

6.    Plaintiff Wealth Assistants is an established e-commerce management platform and service, helping people acquire, build, scale, and maintain their e-commerce businesses. Ryan Carroll (**"Mr. Carroll"**), founder of Wealth Assistants, has been featured in Forbes, LA Wire News, and CEO Weekly, among other publications, for his business savvy and forward-thinking vision that has helped scale Wealth Assistants to the thriving business that it is today.

7.    Beginning on October 11, 2023, Mr. Carrol noticed that account numbers 200000001232, 200000001233, 200000001234, 200000001235, 200000001236 (**"Accounts"**) were frozen. He promptly reached out to Thread Bank about the frozen Accounts, but with each attempt to make contact, Thread Bank employees were unavailable and nonresponsive.

8.      On October 16, 2023, a letter of legal representation was sent to Thread Bank regarding the frozen Accounts.

9.      On October 27, 2023, an additional letter of legal representation was sent to Thread Bank, again, regarding the frozen Accounts.

10.     On November 2, 2023, another attempt to contact Thread Bank was made by legal representation of Wealth Assistants. On this day, Thread Bank acknowledged receiving the letters of legal representation from Wealth Assistants. However, Thread Bank refused to provide any information regarding the status of the frozen accounts. Furthermore, Thread Bank declined to provide any comments on their intentions to address the concerns raised by Wealth Assistants.

11.     As of the date of the filing of this suit, Wealth Assistants has yet to receive its funds from Thread Bank or any information regarding its account. In essence, Thread Bank is withholding Wealth Assistants' funds, is refusing to give any kind of explanation for its withholding of funds and is refusing to surrender those funds to Wealth Assistants.

12.     Wealth Assistants retained legal counsel in order to resolve this matter cordially and expeditiously. Despite repeated endeavors by Wealth Assistants' legal counsel to communicate with Thread Bank, they have been ignored.

13.     Thus, after Wealth Assistants' repeated attempts to amicably resolve its claims against Thread Bank have failed, Wealth Assistants has resorted to filing the instant lawsuit in order to seek proper redress.

## IV.    CAUSES OF ACTION

### A.    Violations of the Texas Deceptive Trade Practices Act

14.     Plaintiff herein re-alleges each and every fact and allegation set forth above as if fully set forth herein.

15.     Plaintiff is a consumer of Defendant's services, as that term is defined in Texas Business & Commerce Code § 17.45(4).

16.     Defendant is an entity that can be sued under the Texas Deceptive Trade Practices Act.

17.     Defendant contracted with Plaintiff to hold its funds in its accounts.

18.     Defendant directly and/or through its representatives engaged in false, misleading, and/or deceptive acts or practices that Plaintiff relied on to Plaintiff's detriment, including representations that:

      a.     It would handle Plaintiff's money and affairs prudently;

      b.     Its services were properly managed and conducted;

      c.     Its services would be of a particular standard, quality, or grade, when they were not; and

      d.     That it would have adequate safety and security of the funds on deposit.

19.     Upon information and belief, Defendant committed these actions knowing the falsity, deception, and unfairness of the acts or practices and with the intent of having Plaintiff detrimentally rely on the falsity or deception and/or in detrimental ignorance of the unfairness.

20.     Defendant's wrongful conduct is a producing cause of Plaintiff's injuries.

21.     Plaintiff gave Defendant notice of its claims, as required by law.

22.     Plaintiff seeks recovery of the actual damages found by the trier of fact. Additionally, because Defendant acted knowingly and/or intentionally, Plaintiff is entitled to recover treble economic damages, pursuant to Texas Business & Commerce Code § 17.50(b)(1).

23.     Upon the trier of fact's finding of actual damages with respect to any of Plaintiff's claims, Plaintiff seeks an award of exemplary damages, pursuant to Texas Civil Practice & Remedies Code

§ 41.003(a). There is clear and convincing evidence of Thread Bank's fraud, malice, and/or gross negligence.

24.     Because Defendant's conduct was willful and malicious, Plaintiff is also entitled to seek exemplary damages, pursuant to Texas Business & Commerce Code §§ 27.01(c) and/or (d).

**B.     Money Had and Received**

25.     Plaintiff herein re-alleges each and every fact and allegation set forth above as if fully set forth herein.

26.     Defendant is in possession of money that does not lawfully belong to it. Defendant did not earn nor is it entitled to said money.

27.     The money in Defendant's possession belongs to Plaintiff in equity and good conscience.

28.     Despite repeated requests by Plaintiff for the return of the money, Defendant has refused, and continues to refuse, to return said money to it.

29.     As a result of Defendant's unlawful withholding of said money, Plaintiff sustained damages within the jurisdictional limits of this Court.

30.     Plaintiff's injury resulted from gross negligence, malice, or actual fraud, which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code § 41.003(a).

**C.     Unjust Enrichment**

31.     Plaintiff herein re-alleges each and every fact and allegation set forth above as if fully set forth herein.

32.     Pleading in addition to or in the alternative to other counts, Plaintiff hereby alleges Defendant has been unjustly enriched.

33.     Defendant has been unjustly enriched by receiving money it has neither earned nor is entitled to.

34.     Defendant's acquisition of said money occurred at the detriment of Plaintiff.

35.     Despite repeated requests by Plaintiff for the return of the money, Defendant has refused, and continues to refuse, to return said money to it.

36.     As a result of Defendant's unlawful withholding of said money, Plaintiff sustained damages within the jurisdictional limits of this Court.

## V.     ATTORNEYS' FEES

37.     Defendant's conduct as described in this petition and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retention of the attorneys whose names are subscribed to this petition.

38.     Pursuant to Texas Business & Commerce Code § 27.01(e), Plaintiff is entitled to recover reasonable and necessary attorneys' fees and court costs from Defendant.

39.     Plaintiff is also entitled to recover reasonable and necessary attorney fees for prosecuting this suit under Texas Business & Commerce Code § 17.50(d).

40.     Plaintiff requests all costs and reasonable and necessary attorneys' fees incurred by Plaintiff herein, including all fees necessary in the event of any appeal of this cause, as the Court deems equitable and just, and as otherwise allowed by law.

## VI.     JURY DEMAND

41.     Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## VII.   PRAYER

WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial, Plaintiff have the following judgment:

1.      Judgment be entered against Defendant and in favor of Plaintiff for its actual and

        consequential damages on all of its claims;

2.      Statutorily enhanced treble damages, as allowed by the DTPA;

3.      Exemplary damages;

4.      Pre-judgment interest as provided by law;

5.      Post-judgment interest as provided by law;

6.      Reasonable attorneys' fees;

7.      Costs of suit;

8.      All other relief to which Plaintiff may show itself entitled, either at law or in equity,

either general or special, under the facts set forth in its claims.


Dated:  January 4, 2024.                    Respectfully submitted,


                                            By: */s/ Lema Mousilli*
                                            LEMA MOUSILLI
                                            Attorney-in-charge
                                            State Bar No. 24056016
                                            S.D. Texas Bar No. 1358290
                                            *litigation@lloydmousilli.com*
                                            **LLOYD & MOUSILLI, PLLC**
                                            11807 Westheimer Road
                                            Suite 550 PMB 944
                                            Houston, TX 77077
                                            Tel: (512) 609-0059
                                            Fax: (413) 473-6164

PLAINTIFF WEALTH ASSISTANTS LLC'S ORIGINAL PETITION